UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHAPEL LAKES HH LLC, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    CASE NO. 2:10-cv-960-TFM |
| | ) |
| CHAPEL LAKES APARTMENTS I, LLC | ) |
| and CHARLES MULLINS, JR | ) |
| | ) |
|    Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This action is assigned to the undersigned magistrate judge to conduct all proceedings and order entry of judgment by consent of all the parties (Docs. 10-11, filed December 28, 2011) and 28 U.S.C. § 636(c). Pending before the Court are the *Plaintiff Chapel Lakes HH LLC's Motion for Summary Judgment* and brief in support (Docs. 15-16, filed May 2, 2011). Upon consideration of the motion, the Court finds it is due to be **GRANTED**.

### I. JURISDICTION

The district court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support both.

### II. SUMMARY JUDGMENT STANDARD

A party in a lawsuit may move a court to enter summary judgment before trial. FED. R. CIV. P. 56(a) and (b). Summary judgment is appropriate when the moving party

establishes that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a);[1] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Moore ex rel. Moore v. Reese*, — F.3d — , ___ , 2011 WL 1316172, *7 (11th Cir. Apr. 7, 2011). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *see also Ritchey v. S. Nuclear Operating Co., Inc.*, 2011 WL 1490358 (11th Cir. 2011) (unpublished opinion quoting *Anderson*). At the summary judgment juncture, the court does not "weigh the evidence and determine the truth of the matter," but solely "determine[s] whether there is a genuine issue for trial." Anderson, 477 U.S. at 249, 106 S.Ct. at 2511. Only disputes about the material facts will preclude the granting of summary judgment. *Id.*

The movant bears the initial burden of proof. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552. A party must support its assertion that there is no genuine issue of material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions,

---

[1] Effective December 1, 2010 Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions." FED. R. CIV. P. 56 Advisory Committee Notes. Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word-genuine 'issue' becomes genuine 'dispute.' 'Dispute' better reflects the focus of a summary-judgment determination." *Id*. "'Shall' is also restored to express the direction to grant summary judgment." *Id*. The Advisory Committee was careful to note that the changes "will not affect the continuing development of the decisional law construing and applying these phrases." *Id*. Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule. *Id*.

interrogatory answers, or other materials" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). The admissibility of evidence is subject to the same standards and rules that govern admissibility of evidence at trial. *Clemons v. Dougherty County, Georgia*, 684 F.2d 1365, 1369 n.5 (11th Cir. 1982) (citing *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 556 (5th Cir. 1980)).

Once the movant meets its burden under Rule 56, the non-movant must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Moore*, — F.3d at ___ , 2011 WL 1316172 at *7 (quoting *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510). The court must view the facts and draw all reasonable inference in favor of the nonmoving party. *Id*. (citing *Rosario v. Am. Corrective Counseling Servs, Inc.*, 506 F.3d 1039, 1043 (11th Cir. 2007)); *Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1265 (11th Cir. 2007) ("We view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion."). However, to avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586 106 S.Ct. at 1356 (citations omitted). Conclusory assertions, unsupported by specific facts, presented in affidavits opposing the

motion for summary judgment are likewise insufficient to defeat a proper motion for summary judgment. *Lejaun v. Nat'l Wildlife Federation*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). "Speculation does not create a *genuine* issue of fact." *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) (citation omitted) (emphasis in original). If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *See Anderson*, 477 U.S. at 249-50, 106 S.Ct. at 2511 (citations omitted). In short, summary judgment is proper after adequate time for discovery and upon motion against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552.

### III.   BACKGROUND AND DISCUSSION

Plaintiff Chapel Lakes HH LLC filed this action to enforce a loan agreement and related guaranty. *See* Doc. 1. On May 2, 2011, Plaintiff filed its motion for summary judgment. On June 3, 2011, the Court dismissed without prejudice Defendant Charles F. Mullins, Jr. pursuant to a Suggestion of Bankruptcy. Therefore, the motion for summary judgment is only considered against sole remaining defendant – Chapel Lakes Apartments I, L.L.C. The underlying facts of this case are necessarily viewed in favor of the nonmovant defendant. Plaintiff seeks to recover from Defendant (1) the sum of $ 537,040.02 and (2) pre- and post-judgment interest on this amount calculated at the statutory rate. Defendant did not oppose Plaintiff's motion for summary judgment. Thus, the undisputed evidence before the Court is as follows. Plaintiff Chapel Lakes HH LLC is the successor by assignment to

Capmark Finance, Inc. ("Capmark"). On or about July 31, 2007, Defendant borrowed $10,600,000.00 from Capmark. Defendant executed a promissory note[2] in favor of Capmark to evidence their various obligations. Further, Defendant Mullins personally and unconditionally guaranteed the obligations of Defendant Chapel Lakes Apartments I, L.L.C.

Defendants failed to pay all amounts due and defaulted on the loan. The subject property was sold by Plaintiff at a foreclosure sale on May 5, 2010 for $10,600,000.00. At the time of the foreclosure sale, the outstanding balance on the Promissory Notes was $11,184,155.86 exclusive of Paydown Amount and Enforcement Costs. As a result of the defendants and post-foreclosure sale, Defendants now owe Plaintiff $510,649.34, as of May 2, 2011. With respect to Plaintiff's attorneys' fees, which total $26,390.68, the Court notes that Defendant has not challenged the reasonableness of the fees, and, after assessing the fees themselves, the Court finds no basis to question their reasonableness. In addition, Defendant owes post-judgment interest.

Consequently, Plaintiff Chapel Lakes HH LLC is entitled to collect $537,040.02 as well as post-judgment interest. This figure is comprised of the amounts still owed under the notes; interest accrued on the loans as of May 2, 2011; late fees associated with the loans; and Plaintiff's attorneys' fees as well as court costs incurred in collection of the amounts owed under the loans.

---

[2] The Promissory Note was amended, restated, and split into two promissory notes by Omnibus Amendment dated May 14, 2008.

## IV. CONCLUSION

Pursuant to the foregoing *Memorandum Opinion*, the Court grants *Plaintiff Chapel Lakes HH LLC's Motion for Summary Judgment* (Doc. 15). An appropriate judgment will be entered.

DONE this 7th day of June, 2011.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE